UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANK McCLELLAN,

                Plaintiff,

-against-

CITY OF RENSSELAER and STEVEN SMITH,
Individually and in his official capacity as a
Police Office of the City of Rensselaer,

                Defendants.

ANSWER

Civil Case No.:
02-CV-1141
(LEK/DRH)

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

NOV 14 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

    Defendants, by and through their attorneys, Dreyer Boyajian LLP, as and for their Answer, set forth as follows:

    1.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and/or statements contained in paragraphs numbered "1", "2, "3", "4", "6", "7", "8", "9", "10", "11", "12", "13", "18" and "29" of the complaint and refers all questions of law to the Court.

    2.    As to the allegations contained in paragraph "26" of the complaint, deny allegations pertaining to defendant Steven Smith, but lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained therein.

    3.    Deny allegations contained in paragraphs "14","15", "16","17", "19",."20", "21", "22", "23", "24", "25", "27","28", "30","31", "33", "35", "37", "38", "40", ":41", "43", "44", "45", "47", "48", "49" and "50" of the complaint and refers all questions of law to the Court.

    4.    Admit the allegations contained in paragraph "5" of the complaint.

    5.    Repeat and reallege the above responses with respect to the allegations contained in paragraphs "32", "34", "36", "39", "42" and "46"of the complaint, as if fully set forth herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

    6.    Plaintiff's complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

7. Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

8. The answering defendants are protected from suit by the defense of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

9. The answering defendants are protected by absolute and/or quasi-judicial immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

10. Insofar as the complaint seeks punitive damages against the municipal defendant, it seeks relief which cannot be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

11. The complaint does not allege that the alleged constitutional deprivations were the result of a policy or custom of the City of Rensselaer and therefore an action cannot be maintained against the municipal defendants pursuant to 42 U.S.C. § 1983.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

12. The plaintiff has failed to utilize available State tort remedies for malicious prosecution, and is therefore prevented from making such a claim under 42 U.S.C. § 1988.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

13. That any and all acts of the answering defendants were performed in good faith and without malice.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

14. The Court lacks personal jurisdiction over defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

15. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

16. The plaintiff is barred, under the doctrine of *res judicata* or collateral estoppel, from relitigating any issue that was, or could have been litigated, in the underlying criminal matter.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

17. Upon information and belief, any force used on plaintiff was reasonable and necessary to effectuate a legitimate police purpose.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

18. That plaintiff's caused or contributed to his injuries, and any damages sustained by plaintiff should be reduced by the percentage of plaintiff's own fault.

**WHEREFORE**, the answering defendants demand:

1. Judgment dismissing the complaint;
2. An award of attorney's fees pursuant to 42 U.S.C. § 1988; and
3. The costs and disbursements of this action.

Dated: November 13, 2002

DREYER BOYAJIAN LLP

*/s/ Brian W. Devane*

**BRIAN W. DEVANE, ESQ.**
**Bar Roll No.: 501138**
Attorneys for Defendants
75 Columbia Street
Albany, New York 12210
Telephone No.: (518) 463-7784

TO:   **LEE GREENSTEIN, ESQ.**
Attorney for Plaintiff
744 Broadway
Albany, New York 12207
Telephone No.: (518) 436-8701