UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANK McCLELLAN,

                              Plaintiff,       **Affidavit in Support**

-against-                                        **of Motion for**
                                                      **Summary Judgment**

CITY OF RENSSELAER and STEVEN        Case No. 02-CV-1141
SMITH, Individually and in his              (GLS/DRH)
official capacity as Police Officer of
The City of Rensselaer,

                                          Defendants.

STATE OF NEW YORK    )
COUNTY OF SARATOGA)    ss.:

       GREGORY S. MILLS, being duly sworn, deposes and says:

       1.      I am an attorney and counselor at law duly admitted to practice in the Courts of New York State and before the United States District Court for the Northern District of New York. I am a member of The Mills Law Firm, LLP, attorneys for the Defendant, Steven Smith, individually and in his official capacity as Police Officer of the City of Rensselaer in the above captioned action. As such, I am fully familiar with all the facts, circumstances and proceedings heretofore had herein.

       2.      I make this Affidavit in support of the Defendant's Motion for an Order pursuant to Fed.R.Civ.P. Rule 56(c) granting Summary Judgment to the Defendant dismissing the Plaintiff's Complaint on the merits and with prejudice as a matter of law, together with such other and further relief as to the Court shall seem just and proper.

3.      In support of this Motion, the Defendant respectfully submits a *Statement of Material Facts*, his *Affidavit in Support*, and *Memorandum of Law*.

## Procedural Background

4.      This action was commenced with the filing of a Summons and Complaint with the U.S. District Court for the Northern District of New York.  A true and correct copy is annexed hereto as Exhibit "A".  Plaintiff seeks substantial compensatory damages, an award of punitive damages and attorneys' fees and costs against the Defendants, jointly and severally, for an alleged incident occurring on the evening of November 16, 2000.

5.      The Defendants answered, denying the material allegations and asserting thirteen Affirmative Defenses, including failure to state claims upon which relief may be granted, probable cause and qualified immunity.  A true and correct copy Defendants' Answer is annexed hereto as Exhibit "B".

6.      Relevant excerpts of discovery documents and deposition transcripts are annexed hereto as follows:

Discovery Documents:

| | |
|---|---|
| Plaintiff's Rule 26(a)(1) Disclosure | Exhibit "C" |
| Plaintiff's Answers to Interrogatories | Exhibit "D" |
| Defendant Smith's Answers to Interrogatories | Exhibit "E" |
| Preliminary Hearing minutes  (11/21/00) | Exhibit "F" |
| Suppression Hearing (5/15/02) | Exhibit "G" |
| Audio tape of police dispatcher | Exhibit "Q" |
| Decision/Order of J. McGrath (10/2/01) | Exhibit "R" |
| Medical Records for Steven Smith | Exhibit "S" |

<u>Deposition Transcripts of Party and Non-Party Witnesses:</u>

| | | |
|---|---|---|
| Frank McClellan | (9/15/03) | Exhibit "H" |
| David G. Van Wormer | (11/25/03) | Exhibit "I" |
| Michael J. Smith | (12/17/03) | Exhibit "J" |
| Robert C. Butler | (12/17/03) | Exhibit "K" |
| Steven Smith | (1/5/04) | Exhibit "L" |
| Colleen Marie Wilson | (3/1/04) | Exhibit "M" |
| Michelle Cristo | (3/1/04) | Exhibit "N" |
| Karen Newton | (3/1/04) | Exhibit "O" |
| Frank McClellan | (4/19/04) | Exhibit "P" |

### Statement of Material Facts

7. The Court is respectfully referred to the accompanying *Statement of Material Facts*, which is incorporated herein by reference.

### MOTION FOR SUMMARY JUDGMENT
### DISMISSING PLAINITFF'S COMPLAINT

8. The Defendant, Steven Smith, respectfully submits that there are no material issues of fact requiring resolution by a trier of fact, and that he is entitled to Summary Judgment pursuant to Fed.R.Civ.P. Rule 56(c) dismissing the Plaintiff's Complaint on the merits, with prejudice, together with such other and further relief as the Court deems just and proper.

9. Specifically, the Defendant submits that he is entitled to qualified immunity, as at the time of the incident, he was acting in good faith and in the course of his capacity as detective sergeant for the City of Rensselaer and that probable cause existed that Plaintiff committed several offense. It was objectively reasonable for Defendant to have believed probable cause existed that Plaintiff committed the crimes

of felony assault, resisting arrest and disorderly conduct. Further, Defendant had arguable probable cause that Plaintiff committed these offenses, where reasonable officers could disagree as to whether probable cause was present.

### Point I

**Defendant is Entitled to Qualified Immunity against Plaintiff's Claims Where Defendant had Probable Cause to Arrest and Charge Plaintiff with Felony Assault, Resisting Arrest and Disorderly Conduct**

    **A.    Probable Cause Existed to Permit the Arrest and Charge of Plaintiff with Felony Assault**

10. In May 2001, Plaintiff was indicted by a Grand Jury on three (3) counts of felony assault. (Exhibit "C", *Grand Jury Indictment*) This indictment presumptively establishes the existence of probable cause that Plaintiff committed the crimes of assault in the second degree; assault on a police officer; and aggravated assault on a police officer.

11. After the indictment, Plaintiff contended, in a motion to dismiss, that the resubmission of the charges to a second Grand Jury was abusive and unfair. The County Court, by the Hon. Patrick J. McGrath, held that there was sufficient new evidence to warrant resubmission to the second Grand Jury and upheld the indictment. (Exhibit "R")

12. Notwithstanding the indictment, Defendant reasonably believed probable cause existed to arrest and charge Plaintiff with felony assault, resisting arrest and disorderly conduct.

13.     Plaintiff acknowledged that Defendant had identified himself as a police officer upon his initial contact. (Exhibit "H", p. 42) Defendant had also called for backup using his portable police radio before trying to exit his vehicle. (Exhibit "L", pp. 112-113; *Smith Affidavit*) Plaintiff acknowledged he was standing next to the driver's side door and was physically pushing on the door to prevent Defendant from getting out of his vehicle. (Exhibit "H", pp. 42-43, 46) Defendant managed to open the door enough to get his left foot out; he then observed Plaintiff grab the car door, a dangerous instrument, and push it into Defendant, essentially tearing a hole from Defendant's nose to corner of his mouth. (Exhibit "L", pp. 108-109, 116-117; Exhibit "S"; *Smith Affidavit*) Plaintiff grabbed Defendant by the wrist and pulled him over the hood of his Subaru Justy and physically restrained the Defendant. (Exhibit "H", pp. 46, 48, 50-51) Defendant was engaged in performing his official duties, as he initially approached Plaintiff about removing himself from the road, and then in attempting to arrest Plaintiff for striking Defendant in the head. (Exhibit "L", pp. 89, 99, 106-107; *Smith Affidavit*)

14.     Under these circumstances, it was objectively reasonable for Defendant, who was seriously injured by the impact of the car door, to believe probable cause existed to arrest and charge Plaintiff with felony assault. Further, reasonable police officers could disagree as to whether probable cause existed to arrest Plaintiff and charge him with this crime. Here, a reasonable officer who is confronted with someone physically pushing against the car door and, when trying to get of the vehicle, is stricken with the car door and sustains serious injuries could reasonably conclude that

probable cause to arrest for felony assault is present.  A reasonable officer who is physically thrown onto the hood of a car and restrained could reasonably conclude that probable cause to arrest for felony assault is present.  The Defendant, therefore, should be accorded qualified immunity in light of the undisputed material facts.

### B. Probable Cause Existed to Arrest and Charge the Plaintiff with Resisting Arrest

15. In the case at bar, the Defendant is entitled to qualified immunity, as it was objectively reasonable for him to believe probable cause existed that Plaintiff committed the crime of resisting arrest.

16. As stated above, Defendant pulled up to Plaintiff and identified himself as a police officer; Plaintiff acknowledges Defendant so identified himself.  (Exhibit "L", pp. 99-100; Exhibit "H", p. 42)  After an exchange of words, the Plaintiff struck the Defendant on the left side of his head; using his portable radio, Defendant radioed for back-up, and it would be reasonable to infer that Defendant was a police officer from the additional fact Defendant had and used the portable police radio.  (Exhibit "L", p. 105, 111-113; *Smith Affidavit*) This assault provided Defendant with sufficient probable cause to advise that Plaintiff was going to be arrested.  Plaintiff admits that Defendant advised Plaintiff that he was going to arrest him.  (Exhibit "A", ¶15) The Plaintiff physically resisted arrest by pushing on the car door to keep the Defendant "trapped" inside his vehicle, then continued to resist arrest by pushing the car door upon Defendant's face as Defendant tried to exit his vehicle.  (Exhibit "L", pp. 111, 113-114, 118; Exhibit "H", pp. 42-43, 46)

17.     Defendant had additional probable cause to arrest Plaintiff as the result of the serious laceration sustained to the right side of Defendant's face when Plaintiff pushed the car door upon Defendant. When Defendant did get out of his vehicle, Plaintiff continued to resist arrest by forcing Defendant on top of the hood of his vehicle and physically restraining him. (Exhibit "H", pp. 46, 48, 50-53) While restraining Defendant, Plaintiff heard Defendant radio again for backup. (Exhibit "H", p. 54)

18.     Moreover, it was objectively reasonable for Defendant to have concluded probable cause existed that Plaintiff committed the crime of resisting arrest: Defendant clearly identified himself as a police officer and radioed for backup; Defendant advised Plaintiff he was going to be arrested for striking him in the head and attempted to arrest him but was then stricken in the face with the car door; Plaintiff resisted arrest by pushing on the car door to prevent Defendant from exiting the vehicle as well as pulling Defendant over the hood of his car and physically pinning him. (Exhibit "A", ¶15; Exhibit "L", pp. 99-100, 106-109, 111, 114-117, 118-119; Exhibit "H", p. 42-43, 46, 48, 50-53; *Smith Affidavit*)

19.     At the very least, Defendant had arguable probable cause to arrest and charge Plaintiff with resisting arrest. Reasonable police officers in the same circumstances could readily disagree whether probable cause was present to arrest and charge Plaintiff with resisting arrest: even assuming Plaintiff did not see a badge, it is not disputed Defendant identified himself as a police officer and radioed for backup, and it is not disputed that Defendant advised Plaintiff he was going to be arrested. Further, a reasonable police officer who is stricken in the head could conclude probable

cause existed for the underlying arrest. Accordingly, the Defendant respectfully submits he should be entitled to qualified immunity from Plaintiff's claims.

      **C.    Probable Cause Existed to Arrest and Charge the Plaintiff with Disorderly Conduct**

20. Defendant respectfully submits probable cause existed that Plaintiff committed the crime of disorderly conduct.

21. At the time of the incident, Plaintiff and Defendant were in a busy public street in a populated neighborhood. (*Smith Affidavit*) Witness-neighbors heard Plaintiff's raised voice and saw the Plaintiff engaged in an argument with Defendant. (Exhibit "M", pp. 10-11; Exhibit "O", pp. 8-15) Plaintiff struck Defendant in the head; pushed the door of Defendant's car onto Defendant, causing serious injury to Defendant; then grabbed Defendant by the wrist and physically pinned him down on the hood of his car. (Exhibit "L", pp. 99-100, 106-109, 111, 114-117, 118-119; Exhibit "H", p. 42-43, 46, 48, 50-53; *Smith Affidavit*)

22. Based upon the foregoing undisputed events, it was objectively reasonable for Defendant to have concluded that probable cause existed that Plaintiff committed the offense of disorderly conduct. At a minimum, reasonable officers could disagree whether probable cause existed that Plaintiff committed this offense. Even assuming Defendant was not stricken in the head, Plaintiff admittedly was pushing on the door of his vehicle to prevent Defendant from getting out, and ultimately pushed the door onto Defendant's face, causing serious injury. Even assuming Defendant's injuries were somehow "accidentally" caused by Plaintiff, a reasonable police officer in

Defendant's position could conclude Plaintiff intended to harm Defendant with the car door: immediately prior to the injury, Plaintiff admittedly was physically pushing on the car door to keep Defendant from getting out and continued to push on the door as Defendant was trying to get out of his vehicle. Finally, reasonable police officers could conclude that Plaintiff's undisputed act of grabbing Defendant, pulling him over the hood of his car and physically restraining him with his body provided sufficient probable cause to arrest Plaintiff for the offense of disorderly conduct. Based upon the above, the Defendant respectfully submits he is entitled to qualified immunity as a matter of law from Plaintiff's claims.

## Point II

**Plaintiff's Cause of Action for Malicious Prosecution Must be Dismissed**

23. Plaintiff's cause of action for malicious prosecution must fail with respect to the charge of disorderly conduct, where Plaintiff was never prosecuted for this charge and the proceeding was not terminated favorably to Plaintiff. Defendant also did not, at any time with respect to any or all proceedings against Plaintiff, act with any malice or improper motive.

24. As set forth more fully above, probable cause existed to arrest and charge Plaintiff with disorderly conduct.

25. To Defendant's knowledge no criminal proceedings were commenced or pursued by the district attorney's office against Plaintiff on the charge of disorderly conduct. (*Smith Affidavit*)

26.     Upon information and belief, there was never a termination in Plaintiff's favor where the district attorney's office did not pursue either the resisting arrest or disorderly charge against the Plaintiff. (*Smith Affidavit*)

27.     Moreover, at all times relevant to the proceedings against Plaintiff, the Defendant did not act with malice or improper motive. (*Smith Affidavit*)

28.     Accordingly, the Defendant respectfully submits Plaintiff's cause of action for malicious prosecution must be dismissed as a matter of law.

### Point III

**Defendant Did Not Personally Participate In, Authorize or Have Knowledge of Any Allegedly Unlawful Searches of Plaintiff**

29.     Defendant respectfully submits dismissal of Plaintiff's Fourth Cause of Action is appropriate, where the record demonstrates Plaintiff did not personally participate in, authorize or have knowledge of any allegedly unlawful searches of Plaintiff during the arrest process or period of incarceration.

30.     As set forth in his Affidavit, Defendant did not personally participate, at any time, in any allegedly illegal or unlawful search of Plaintiff during the arrest process or during the period of incarceration. (*Smith Affidavit*)

31.     At no time did Defendant authorize any such allegedly illegal or unlawful search of Plaintiff. (*Smith Affidavit*)

32. At no time did Defendant create or endorse any custom or policy authorizing or permitting any allegedly illegal or unlawful search of Plaintiff. (*Smith Affidavit*)

33. At no time did Defendant have any knowledge of any allegedly illegal or unlawful search of Plaintiff was occurring. (*Smith Affidavit*)

34. The Defendant respectfully submits he is entitled to Summary Judgment dismissing Plaintiff's Fourth Cause of Action, as the undisputed material facts demonstrate lack of proof that Defendant had any participation, knowledge or authorization of any allegedly illegal or unlawful searches of Plaintiff.

WHEREFORE, for the reasons set forth above, in the Affidavit of Steven Smith, and in the accompanying Memorandum of Law, the Defendant respectfully submits he is entitled to qualified immunity from the Plaintiff's Complaint; that the Plaintiff's Complaint should be dismissed against him; and for such other and further relief as the Court deems just, proper and equitable.

_____
GREGORY S. MILLS

Sworn to before me this

1st  day of June, 2004.

_____
        Notary Public